## ARMSTRONG v. MAY.

### No. 10754.

Court of Civil Appeals of Texas. San Antonio.

Oct. 2, 1940.

Rehearing Denied Nov. 27, 1940.

Appeal from District Court, Webb County, 111th District; R. D. Wright, Judge.

Action by Otto Armstrong, independent executor of the estate of Jennie May, deceased, against Alma May, individually, and as personal representative of the estate of W. P. May, deceased, to recover a half-interest in $7,525, awarded defendant by the "Special Mexican Claims Commission of the United States." From a judgment for defendant, the plaintiff appeals.

Armstrong & Jaffe, of El Paso, and Bismark Pope, of San Diego, for appellant.

Neel & King, Nat B. King, and Bryant M. Collins, all of Laredo, for appellee.

SMITH, Chief Justice.

The parties will be designated here as in the trial court.

Plaintiff, Otto Armstrong, independent executor of the estate of Jennie May, deceased, brought this action against defendant, Alma May, individually and as personal representative of the estate of W. P. May, deceased, to recover a half interest in a sum of $7,525 awarded defendant by the "Special Mexican Claims Commission of the United States" (49 Stat. 149), on account of losses of livestock belonging to the said Alma May and her husband, and confiscated by armed forces of the Republic of Mexico in the years 1912 to 1920.

Plaintiff Armstrong's claim of an interest in the award is based by him upon the will of the said Jennie May, deceased. The Mexican claim here involved, though fully accrued, was not mentioned in the will, and the jury trying the case found upon sufficient evidence that the testatrix made a parol gift to defendant of, and had no interest in, the confiscated livestock for the loss of which the Claims Commission awarded the sum here in controversy to defendant and her husband. Defendant, however, was a beneficiary under said will, as was plaintiff, and the latter claims, as the basis of his suit, that because defendant was such beneficiary, and accepted the benefits so devised to her, she was bound as upon an election to forego one-half of her claim upon said award, and share it equally with plaintiff, who claims an interest therein under the will. The trial court, upon jury findings, denied any recovery to Armstrong, who has appealed.

The case is primarily one of fact, and is controlled by the jury finding that the testatrix, Jennie May, had made a parol gift to defendant of her interest in the livestock for loss of which the award in controversy was made, and had no interest therein, and by the further fact that the testatrix in her will did not assert ownership of or interest in, or purport to dispose of, the livestock or the claim for loss thereof. These facts exclude the

case from that class to which the doctrine of election invoked by plaintiff applies.

In short, since the testatrix did not in her will attempt to curtail any property right of defendant whereby the latter was put to an election to hold that right and yield benefits devised to her under the will, on the one hand, or, on the other, yield that right and accept only under the will. She could consistently at the same time claim all the award here involved and all the benefits accorded her under the will as well. The question of election is therefore not in the case. 44 Tex.Jur. p. 863 et seq., § 285 et seq.; 4 Schouler on Wills, 6th Ed., p. 2538; 69 C.J. p. 1099.

We think these conclusions render immaterial all other questions raised by plaintiff in his brief, and require that the judgment be affirmed. It is so ordered.